Inzer B. Wyatt, as Ancillary Administrator C. T. A. of the Estate of Joaquin Fernandez de Cordova Y Osma, Duque de Arion, Deceased, Appellant, *v.* Logan Fulrath, as Executor of Maria de la Luz Mariategui Y Perez de Barradas, Duquesa de Arion, Deceased, et al., Respondents.

First Department, June 8, 1961.

*Inzer B. Wyatt* of counsel (*Sullivan & Cromwell,* attorneys), for appellant.

*Logan Fulrath,* respondent in person.

*Porter R. Chandler* of counsel (*Davis Polk Wardwell Sunderland & Kiendl; Shearman & Sterling; Milbank Tweed Hope & Hadley,* attorneys), for Morgan Guaranty Trust Company of New York and others, respondents.

*Per Curiam.* Plaintiff as ancillary administrator of Joaquin De Cordova Y Osma institutes this action in the New York Supreme Court against defendant as executor of De Cordova Y Osma's widow, Maria, and three New York banks. The decedent husband and wife were both citizens of Spain but had substantial property in New York.

The action seeks a declaration that certain property in New York in the possession of the defendant banks and now under control of defendant executor be declared the property of the estate of Joaquin; that defendants account for the disposition of such property and its income since Joaquin's death; that as to any property which may have been disposed of by defendants since notice was given by plaintiff of his claim, damages for conversion be allowed; and finally that injunctive relief be granted against disposition of the property claimed by plaintiff.

Although holding that the Supreme Court has jurisdiction of the action, the court at Special Term dismissed the complaint because it was of opinion the Surrogate of New York County, under whose jurisdiction the defendant executor is administering Maria's estate and before whom he instituted an accounting proceeding after the commencement of this action, has full and "concurrent jurisdiction" of the controversy and as a matter of policy the Supreme Court will not undertake jurisdiction where the question can be fully adjudicated in an appropriate proceeding before the Surrogate. Although all parties, the three defendant banks as well as defendant executor, have been served with process in this action and the motion to dismiss the complaint was made only by the defendant executor, the order dismissed the complaint "as to all defendants". Since relief was sought against the banks in the nature of accounting for conversion by them of property, it seems clear that if they

were of opinion the complaint should be dismissed against them they should have moved for dismissal at Special Term.

If the complaint were to be dismissed as against the defendant executor, it would not automatically follow that it must also have been dismissed against the banks and the limited form of the motion at Special Term did not authorize a dismissal against the banks. This procedural omission is not bridged over by the fact that on appeal the banks have filed a brief in which they say that the decision at Special Term was right. Thus we would be required to hold as a procedural matter that the action against the banks continues even though we sustained its dismissal against the defendant executor.

On the merits it does not appear clearly that this is the kind of an action which as a matter of practice and comity the Supreme Court will not entertain because the Surrogate may have a concurrent jurisdiction of the controversy. Although the defendant banks defer to the defendant executor, whose proceedings are, in turn, controlled by the Surrogate, the issue tendered in the action by the plaintiff may well exceed the jurisdiction of the Surrogate in the scope of appropriate and necessary relief. The Surrogate could, of course, properly determine, as the Supreme Court could properly determine, whether under Spanish law the plaintiff or defendant executor is entitled to the possession of the disputed assets.

But a part of the question of title and right to disposition of assets and earnings depends on facts occurring before the death of Maria and before the appointment of the defendant as executor and might well involve an individual responsibility of the banks or some of them to the plaintiff which may possibly not be avoided by asserting the authority of defendant executor to give directions to the banks. It has not been demonstrated that such an individual responsibility of the banks could be adequately determined by the Surrogate in the accounting proceeding maintained by defendant executor, and especially that it could be adequately enforced by judgment against the banks or by injunction against the transfer of assets claimed by the plaintiff.

The fact that the banks acknowledge the authority of the defendant executor and have followed and will follow his directions, which, in turn, are supervised by the Surrogate, is not necessarily a full answer to the rights that may exist between the plaintiff and the banks as depositories of funds or bailees of other specific property which may be adjudicated to belong to plaintiff and the interests he represents.

The fact that the Surrogate's power to grant all the relief that the controversy may require is in doubt, while the plenary power of the Supreme Court is entirely clear, is a sufficient ground to require that the complaint stand as to all defendants.

The order and judgment should be reversed, on the law and the facts and in the exercise of discretion, with costs to all parties filing briefs, payable out of the Duchess' estate, and the motion denied.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and BERGAN, JJ., concur.

Order and judgment unanimously reversed, upon the law, upon the facts and in the exercise of discretion, with costs to all parties filing briefs, payable out of the Duchess' estate, and the motion denied.